

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 14, 1951

Hon. Tom Reavley
County Attorney
Nacogdoches County
Nacogdoches, Texas

Opinion No. V-1151

Re: Authority of the com-
missioners' court to
increase the compensa-
tion of road depart-
ment employees without
approval by the County
Road Engineer under the
Optional County Road
Law of 1947 and a re-
lated matter.

Dear Sir:

We refer to your recent request which reads in part as follows:

"The opinion of your Department is re-
spectfully requested on the two questions
stated below concerning the power of the
Commissioners Court to set wages for the
road employees against or without recom-
mendation of the County Road Engineer and
concerning the nature of public hearing
required by Section 7, Article 6716-1,
V.C.S.

"Nacogdoches County has duly adopted the
provisions of the Optional County Road Law of
1947, Art. 6716-1, V.C.S.

"My opinion has been requested on the
following two questions:

"(1) 'Can the Commissioners Court, with-
out the recommendation and over the protest of
the County Road Engineer, raise the salaries
or wages of road department employees?'

"(2) 'Under Section 7, Article 6716-1,
V.C.S., pertaining to the removal of the
County Road Engineer by the Commissioners
Court, what nature of public hearing must
be held? Must the reasons for removal be
stated to the County Road Engineer prior to

the hearing? Must probative evidence be
presented upon the hearing to support those
reasons? Is the Road Engineer entitled to
present his own witnesses and evidence and
to be represented by counsel?'"

In Att'y Gen. Op. V-537 (1948), it is stated:

"Generally speaking, we are of the opin-
ion that the Commissioners' Court of Brazoria
County, after adoption of the Optional Coun-
ty Road Law of 1947, has authority to decide
and outline the general principles and the
general over-all system governing the con-
struction and maintenance of county roads in
that county. The Commissioners' Court has
all of the powers and duties given by Arti-
cle 2351, V.C.S., which are not delegated to
the County Road Engineer in the Optional Coun-
ty Road Law of 1947."

Since Article 6716-1, V.C.S., does not confer au-
thority on the County Road Engineer to set the salaries of
county road employees, and in view of the foregoing, we
agree with you that the commissioners' court may raise the
salaries or wages of the road department employees without
the recommendation and over the protest of the County Road
Engineer.

It was held in Dunbar v. Brazoria County, 224
S.W.2d 738 (Tex.Civ.App. 1949, error ref.), that the Coun-
ty Road Engineer was not a county officer within the mean-
ing of Section 24 of Article V of the Constitution of
Texas and therefore was subject to be removed by the com-
missioners' court under Section 7 of Article 6716-1.

Section 7 of Article 6716-1, V.C.S., provides:

"The County Road Engineer shall hold his
position for an indefinite term and may be
removed by a majority vote of the Commission-
ers Court. Removal shall not become effec-
tive until thirty (30) days after he shall
have been notified in writing of the inten-
tion of the Commissioners Court to remove
him, and until after a public hearing on the
question of his removal shall have been held,
if such hearing is requested of the Commis-
sioners Court in writing by the County Road
Engineer."

The removal of the County Road Engineer by the commissioners' court under the above statute is essentially administrative or executive in nature. Under its provisions a public hearing on the question of his removal must be held if requested by him in writing, but this does not change the nature of the proceeding.

The statute requires that notice be given to the engineer by the commissioners' court of its intention to remove him, but it does not require that the reasons for such removal be stated in the notice or prior to the hearing. In fact, the record in the Dunbar case reflects that the engineer was not given the reasons for the removal until the day of the hearing, and this fact was brought to the attention of the Supreme Court in the application for writ of error in that case. It is believed, however, that fair play would dictate that the reasons be given in advance of the hearing in order that he might have a reasonable time in which to secure witnesses in his behalf. A public hearing would necessarily imply that evidence should be presented in support of the reasons assigned for removing the engineer from office and that the engineer be given the opportunity, either in person or through counsel, to present witnesses in his behalf.

## SUMMARY

The commissioners' court in a county operating under the provisions of the Optional County Road Law of 1947 (Art. 6716-1, V.C.S.) may raise the salaries or wages of road department employees without the recommendation and over the protest of the County Road Engineer.

The removal of a County Road Engineer by the commissioners' court under Section 7 of Article 6716-1, V.C.S., is administrative or executive in nature. Notice must be given to the engineer by the commissioners' court of its intention to remove him, but the reasons assigned for such removal are not required to be stated in the notice or prior to the public hearing. A public hearing implies that evidence should be presented in support of the reasons assigned for removing the engineer from office and that the

engineer be given the opportunity, either
in person or through counsel, to present
witnesses in his behalf.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

BA:mw

Yours very truly,

PRICE DANIEL
Attorney General

By _Bruce Allen_
Bruce Allen
Assistant